UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

Plaintiff,

v.

$344,755.00 IN UNITED STATES CURRENCY
(ASSET IDENTIFICATION NO. 02-FBI-000055)
AND $139,735.00 IN UNITED STATES CURRENCY
(ASSET IDENTIFICATION NO. 02-FBI-000062)

Defendants.
_____/



02-60281
CIV-MORENO
MAGISTRATE JUDGE
DUBÉ

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The plaintiff, the United States of America, hereby files this Verified Complaint for Forfeiture *In Rem* and states the following:

1. This is a civil action for forfeiture *in rem* of the following currency (hereinafter referred to as the "defendant currency"):

   A. $344,755.00 IN UNITED STATES CURRENCY
      (ASSET IDENTIFICATION NO. 02-FBI-000055)

   B. $139,735.00 IN UNITED STATES CURRENCY
      (ASSET IDENTIFICATION NO. 02-FBI-000062

2. Jurisdiction is vested in this Court, pursuant to Title 28, United States Code, Sections 1331, 1333, 1345, 1355, and 2461.

3. Venue lies in this district, pursuant to Title 28, United States Code, Section 1395 because the defendant currency is located within the Southern District of Florida and will remain so during the pendency of these proceedings.



4. The United States of America seeks forfeiture of the defendant currency, pursuant to Title 21, United States Code, Section 881(a)(6), based upon violations of Title 21, United States Code, Sections 801 *et. seq.*, because the property was furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Sections 801 *et. seq.* and/or represents proceeds traceable to such an exchange and/or was used or intended to be used to facilitate a violation of Title 21, United States Code, Sections 801 *et. seq.*

## FACTUAL BACKGROUND

5. On or about October 8, 2001, a Metro-Dade law enforcement officer, who was known in the narcotics community as an individual to contact if a party wanted to move drug proceeds, received a call from an individual later determined to be the claimant, Fernando Garcia (hereinafter "Claimant").

6. According to the Claimant, he had a large amount of currency that he needed handled.

7. After this conversation, continuous surveillance was conducted upon the Claimant.

8. On or about October 10, 2001, the Claimant was observed leaving his residence.

9. The Claimant was followed to Aventura Mall in Miami, Dade County, Florida where he was seen meeting with an unidentified individual and exchanging packages.

10. The Claimant was then observed placing the bag that he had just received from the unidentified individual in his vehicle.

11. After the Claimant placed the package in his vehicle and the unidentified individual left the parking lot area, the Claimant was approached by law enforcement officials and asked if he would consent to a search of his vehicle.

12. The Claimant consented, and a search of his vehicle revealed a bag containing a large amount of currency which was wrapped in rubber bands and sealed in clear plastic.

13. When the Claimant was questioned regarding the large amount of currency, he initially stated that he had not made contact with anyone at the mall, that he was unaware that currency was in the bag, that he had no idea where the currency came from, and that the currency did not belong to him.

14. The Claimant later recanted the statement and told law enforcement officials that earlier that same day, he had received a telephone call from an unidentified caller (hereinafter referred to as "U/C") on his cellular telephone regarding a meeting to "pick something up."

15. According to the U/C, the Claimant was to meet an unidentified individual at the Aventura Mall in North Miami Beach, Dade County, Florida.

16. After receiving the telephone call, the Claimant, as instructed, went to Aventura Mall and met an unidentified individual who handed the Claimant a shopping bag containing an unknown amount of United States currency.

17. After handing the Claimant the above-mentioned shopping bag full of United States currency, the unidentified individual gave the Claimant an additional $500.00 which represented payment for his receipt of the United States currency.

18. The Claimant then turned over the $500.00 that he had just received from the unidentified individual to the law enforcement officials.

19. The Claimant was then asked if he would consent to a search of his residence, and he gave his consent.

20. During the search of the Claimant's residence, a black bag, a shoe box, and a black leather toilet kit containing large amounts of United States currency were found.

21. Some of the currency found was both wrapped in rubber bands and sealed in clear plastic and some was just wrapped in rubber bands.

22. The Claimant denied ownership of the currency in the black bag and the shoe box, but later admitted that he had removed the currency found in the black leather toilet kit from the black bag with the intention of keeping it for himself.

23. According to the Claimant, all of the currency found at his residence was the proceeds of narcotics transactions as the currency "was too much money to be anything else."

24. When the Claimant was questioned regarding his possession of the large amount of currency in his residence, he told law enforcement officials that on or about October 7, 2001, he had been contacted via his cellular telephone by an unknown caller ("U/C") and told to go to the Pollo Tropical restaurant in the vicinity of N.W. 21st Street and 107th Street in the Doral area of Miami, Dade County, Florida.

25. The U/C told the Claimant that the purpose of the meeting was for the Claimant to "pick something up" and that the Claimant would be paid $500.00 to comply.

26. The Claimant advised that on that same day he went to the Pollo Tropical restaurant

as directed by the U/C and an individual who was not known to the Claimant approached him and gave him a bag filled with United States currency.

27. The unknown individual additionally gave the Claimant $500.00 in United States currency as payment for his receipt of the currency.

28. The Claimant later returned to his residence and stored the bag given to him by the unknown individual at Pollo Tropical restaurant.

29. According to the Claimant, the currency that he had received from the unknown individual at Pollo Tropical was the same currency that the law enforcement officials found during the search of his residence.

30. The currency found in both the Claimant's vehicle and his residence were taken to Wachovia Bank in North Miami Beach, Florida.

31. The total amount of currency found in the bag which the Claimant had received from the unknown individual at the Aventura Mall was determined to be approximately $139,735.00.

32. The total amount of currency found in the Claimant's residence which he had received from the unknown individual at Pollo Tropical on October 7, 2002, was determined to be approximately $344,755.00.

33. While the currency was still at the bank, "Bear," a narcotics detection canine alerted positively to the presence of narcotics on the currency.

## FORFEITURE ALLEGATION

By reason of the foregoing, the defendant property has become and is forfeited to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6), based upon violations

of Title 21, United States Code, Sections 801 *et. seq.*, because the property was furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Sections 801 *et. seq.* and/or represents proceeds traceable to such an exchange and/or was used or intended to be used to facilitate a violation of Title 21, United States Code, Sections 801 *et. seq.*

**WHEREFORE,** based upon the allegations contained herein, the plaintiff, the United States of America, requests that process in due of law according to the procedures of the Court in causes of actions *in rem* in accordance with the provisions of Rule C(3) of the Supplemental Rules of Certain Admiralty and Maritime Claims issue against the defendant currency; that any person or persons having any interest in the defendant currency be directed to appear herein and to answer this Complaint; that this Court decree the condemnation and forfeiture of the defendant currency to the United States; and that the plaintiff have any such other and further relief as may be just and proper.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ Carol E. A. Degraffenreidt-Willis
CAROL E. A. DEGRAFFENREIDT-WILLIS
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0642101
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, Ext. 3616
Fax: (954) 356-7180
E-mail: Carol.Degraffenreidt-Willis@usdoj.gov

## **VERIFICATION**

Pursuant to Title 28, United States Code, Section 1746, I declare under the penalty of perjury that I, Michael C. Gualtieri, a Special Agent of the Federal Bureau of Investigation, have read the foregoing Verified Complaint for Forfeiture *In Rem* and state that the contents are true to the best of my knowledge and belief.

_____
MICHAEL C. GUALTIERI, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

CIV-MORENO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
$344,755.00 IN UNITED STATES CURRENCY
(ASSET IDENTIFICATION NO. 02-FBI-000055)
AND $139,735.00 IN UNITED STATES CURRENCY
(ASSET IDENTIFICATION NO. 02-FBI-000062)

MAGISTRATE JUDGE
DUBÉ

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward  0:02cv60281 FAM/RLD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carol E.A. DeGraffenreidt-Willis
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 356-7314

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   **BROWARD**,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | B 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | B☒ 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | B 630 Liquor Laws | A PROPERTY RIGHTS | B 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | B 640 R.R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | B 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| B 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | B 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| B 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | B 690 Other | B SOCIAL SECURITY | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | A LABOR | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | B 510 Motions to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| B 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 740 Railway Labor Act | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | B 530 General | | A 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | A 535 Death Penalty | 790 Other Labor Litigation | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | B 540 Mandamus & Other | A 791 Empl. Ret. Inc. Security Act | A 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | | B 550 Civil Rights | | | A OR B |
| | | B 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)
Title 21 U.S.C. §881(a)(6) Drug Proceeds

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
2-25-2

SIGNATURE OF ATTORNEY OF RECORD
Carol E.A. DeGraffenreidt-Willis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.